**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THOMAS SMALLS,

       Plaintiff,

                                  Case No. 3:15-cv-1313-J-34PDB

vs.

LENDMARK FINANCIAL SERVICES, INC.,

       Defendant.

                                        /

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On November 2, 2015, Plaintiff filed its Complaint (Doc. 1; Complaint), asserting that the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332. Complaint ¶ 7. Although the Court acknowledges that it has federal question jurisdiction based on Plaintiff's claim in Count I that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Court's supplemental jurisdiction over Plaintiff's state law claim, the Complaint fails to establish the Court's diversity jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

Plaintiff alleges that he is a citizen of the State of Florida and that Defendant "is a corporation with its principal place of business at 2118 Usher Street[,] Covington, GA 30014 and [is] conducting business in the State of Florida." Complaint ¶¶ 10, 16. However, Plaintiff fails to adequately allege Defendant's citizenship.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412 (11th Cir. 1999).  For purposes of establishing diversity jurisdiction, a corporation is a citizen not only of the state in which it has its principal place of business, but also of the state in which it is incorporated.  28 U.S.C. § 1332(c); see also Fritz v. Am. Home Shield Corp., 751 F.2d 1152, 1153 (11th Cir. 1985) ("Thus, the statute furnishes a dual base for citizenship: place of incorporation, and principal place of business.").  A review of the Complaint discloses that Plaintiff failed to allege the state in which Defendant is incorporated.  Without knowledge of all states of which Defendant is a citizen, the Court is unable to determine whether complete diversity exists between Plaintiff and Defendant.

In light of the foregoing, the Court will give Plaintiff an additional opportunity to establish diversity of citizenship between the parties.  Specifically, Plaintiff should allege facts sufficient to establish the state in which Defendant is a citizen by virtue of incorporation under that State's laws.  Otherwise, the case will proceed on the other asserted bases for jurisdiction only.[1]

---

[1] Because the Court recognizes that it has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, reliance on the existence of diversity jurisdiction will become necessary only if Plaintiff's TCPA claim is resolved before trial.  See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (where a plaintiff's federal claim is dismissed prior to trial, a district court is encouraged to dismiss any remaining state law claims).

Accordingly, it is **ORDERED**:

Plaintiff shall have until **DECEMBER 3, 2015** to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on November 5th, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

lc20

Copies to:

Counsel of Record